

Toby S. Soli
Tel 212.801.3196
Fax 212. 805-9296
solitt@gtlaw.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: December 11, 2020
```

December 10, 2020

**Via ECF**
The Honorable Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. – Courtroom 15-B
New York, NY 10007-1312

>  Re: *Andrea Holness v. C.R. Bard, et al.,* **Case No. 1:20-cv-06716-VM**
>  **Joint Letter Request for Temporary Stay and Adjournment of Initial Pretrial Conference Pending Settlement**

Dear Judge Marrero:

    We are counsel to defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") and we write jointly with counsel for plaintiff Andrea Holness to request a 90-day stay of discovery and adjournment of the initial pretrial conference scheduled for December 18, 2020. The parties are currently engaged in advanced negotiations for a global settlement of this and all similar inferior vena cava filter ("IVC Filter") actions filed by Plaintiff's counsel in courts across the country. Plaintiff's counsel and Bard have already settled in principle numerous similar cases and believe that this case too will soon be resolved. Because the Court's existing proposed case management plan contemplates immediate discovery, a stay now will conserve the resources of the Court, third-party health provider, and the parties while allowing counsel to reach a global resolution.[1]

**The National Bard IVC Filter Litigation and Settlement Proceedings**

    A.    **MDL Cases**

    This is a complex product liability action involving a Bard IVC Filter, a prescription implantable medical device. Because similar cases were filed in courts across the country a multidistrict litigation proceeding was created before the Honorable David G. Campbell in the

---

[1] The parties already have narrowed the claims in the case. On September 4, 2020, the Court approved the Joint Stipulation for Dismissal of Claims Against Defendant McKesson Corporation Without Prejudice and terminated all claims against McKesson. *See* ECF No. 36.

The Honorable Victor Marrero
December 10, 2020
Page 2

United States District Court for the District of Arizona known as the *In Re Bard IVC Filters Products Liability Litigation*, MDL 2641 (D. Ariz.) ("MDL").

Plaintiff's counsel represented approximately 230 plaintiffs with cases that were in the MDL. The Parties have reached a settlement in principle in all those cases and presently are finalizing the details of that settlement.

### B. Non-MDL Cases, Including This Case

Plaintiff originally filed his action in the State Court of Texas, County of Dallas and it was subsequently removed to the United States District Court for the Northern District of Texas. On August 21, 2020, it was transferred to this Court. (*See* ECF No.29.) Plaintiff alleges unspecified injuries as a result of the implantation of a Bard IVC Filter. Bard contends its IVC Filters are live-saving devices cleared by the FDA designed to protect patients from the effects of catastrophic blood clots.

In addition to this case, Plaintiff's counsel represents approximately 575 plaintiffs with Bard IVC Filter-related cases proceeding in this and other courts across the country that were transferred from the Northern District of Texas. The parties are actively engaged in settlement discussions to achieve a global settlement in all these cases. The parties believe their resources are most effectively directed to complex settlement discussions instead of protracted (and likely unnecessary) litigation, as evidenced by the successful settlement of the MDL cases. A stay will eliminate the burden on third-party medical providers and governmental entities who otherwise would be compelled to produce voluminous medical and other relevant records at a time when their efforts and resources could be directed at dealing with the ongoing pandemic. Similarly, absent a stay, substantial resources will be expended on the collection, review and analysis of those records by both counsel and retained experts. A stay may forestall discovery-related and other disputes that may require judicial intervention.

### The Circumstances Here Warrant a Stay

This Court has broad discretion over pretrial discovery rulings and may stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Federal Rules of Civil Procedure 26(c) and 26(d) also vest the Court with authority to grant a stay, limit the scope of discovery, or control its sequence, upon a showing of good cause and reasonableness. Facilitating the parties' efforts to resolve their dispute through continued settlement negotiations that began before this action was transferred from Texas to this Court is reasonable and constitutes good cause for granting the requested short-term stay. *See Sellick v. Consolidated Edison Company of New York, Inc.*, 15-CV-9082 (RJS), 2017 WL 1133443, at *2 (S.D.N.Y., Mar. 23, 2017) (noting Court granted stay of discovery "in order to facilitate settlement negotiations"). Several courts throughout the country (including judges in this District) have granted short-term stays in many IVC filter cases as the parties negotiate settlement.

The Honorable Victor Marrero
December 10, 2020
Page 3

  Accordingly, the Parties respectfully request the Court enter a stay of all activities in this case for a period of 90 days and adjourn the initial pretrial conference on December 18, 2020. In the event that the Parties reach settlement during that period, we will immediately advise the Court.

  Counsel for the parties are available at the Court's convenience should the Court wish to address these issues more specifically.

Respectfully submitted,

*Toby S. Soli*
Toby S. Soli

cc: Steven Scott Schulte, Esq. (*via* ECF)
   Darren McDowell, Esq. (*via* ECF)
   Fears Nachawati, PLLP
   *Counsel for Plaintiff Andrea Holness*



Request **GRANTED.**
All activities and deadlines in this case are hereby stayed for 90 days, and the initial conference scheduled for December 18, 2020 is adjourned.

**SO ORDERED.**

December 11, 2020

DATE      VICTOR MARRERO, U.S.D.J.